■ DEERING MILLIKEN, INC., Respondent, v CLARK ESTATES, INC., et al., Appellants.—Order, Supreme Court, New York County, entered on October 29, 1976, and judgment entered thereon on November 3, 1976, granting plaintiff's motion for a summary judgment and denying defendants' cross motion for summary judgment, unanimously reversed, on the law, with $60 costs and disbursements to appellants, plaintiff's motion denied and defendants' cross motion granted. This was a proceeding to decide a beneficial interest in stock dividends. The critical issue around which this matter revolves is the question of whether or not the financial transaction upon which this complaint is bottomed was, or was intended to be, a transaction *in praesenti* or *in futuro.* In considering the question of futurity, Special Term took the position that such language was necessitated by the existence of a condition, and that once the condition was satisfied, without more, the contract became a binding executory contract and a beneficial interest vested in the plaintiffs prior to the dividend date. Under other circumstances, or where the dividends are reserved to the purchaser, the plaintiffs would have become beneficial owners of the stock; however, the professed intention of the defendants, by their choice of clear language, and regardless of their motivation, was to defer passage of title until a time certain in the future. In fact the agreement of March 31, 1967, is specific in that "Upon receipt of the check to be delivered on August 1, 1967, Seller will deliver to Buyer certificate for the shares to be sold by it". It further appears that the question of a present or future sale had previously been discussed. In an exchange of correspondence between counsel, plaintiff's counsel's letter said, in pertinent part "You may recall that during our discussions you proposed at one time the agreement be cast in terms of a present sale and purchase, but this agreement was not acceptable to the Estate." Plaintiff places great reliance on *Currie v White* (45 NY 822), and although considered a seminal case, we find the facts to be so divergent from the facts in the case at bar as to render it without merit as a cornerstone of plaintiff's reliance. Defendants also advance the commonsense argument that interest at 6% per annum on the unpaid purchase price under both agreements to actual date of payment would be $166,149, over twice the amount of the disputed dividend. However no interest was payable on the deferred purchase price. It would have been to the seller's advantage to accept the immediate payment and use of the purchase money rather than to wait for the dividend but for tax purposes. Appellants argue that plaintiffs waived their right to complain of defendant's retention of dividends by continuing to perform under the contract. Although no explicit reservation was made, plaintiff's actions clearly indicated that they were not waiving any rights accruing to them. (Uniform Commercial Code, § 1-207.) Concur—Kupferman, J. P., Lupiano, Evans and Markewich, JJ.